## SUPREME COURT.

ST. MARKS FIRE INSURANCE COMPANY agt. HARRIS.

In an action for the foreclosure of a mortgage by an assignee, the answer ad mitted all of the allegations of the complaint, except the recording of the mort- gage, and of the assignment, and also claimed that the mortgagee should have been made a party, because he had guarantied the payment of the bond and mortgage.

*Held*, that these were matters which raised no issues available by the defendant, and were no impediment to the plaintiff's recovery.

*New-York Special Term, March,* 1856.

SPEIR & NASH, *for plaintiffs.*
CHAUNCEY SHAFFER, *for defendant.*

DAVIES, Justice. The complaint is filed to foreclose a mort- gage, given by defendant to one Dennis Harris, and by him as- signed to the plaintiffs. The answer admits all the allegations of the complaint, except the recording of the mortgage, and of the assignment; and also claims that Dennis Harris, by the as- signment to the plaintiffs, guarantied the payment of the bond and mortgage, and that he is liable for any deficiency, and therefore a proper party.

A motion is now made on behalf of the plaintiffs for judg- ment, on account of the frivolousness of the answer.

The denial of the recording of the mortgage and assignment, presents an immaterial issue in this case. It is of no moment to the defendant whether they were recorded or not; and his denial of the fact raises no issue which is an impediment to the plaintiffs' recovery. The same may be said as to the new mat- ter set up in relation to Dennis Harris. It does not follow that because he has covenanted to pay any deficiency arising upon the sale of the mortgaged premises, that therefore he is a ne-

cessary party in a suit to foreclose the defendant's equity of redemption therein.   I think clearly he is not.

Judgment must, therefore, be given for the plaintiffs, accord- to the prayer of the complaint, notwithstanding the answer.

---

## [ ERRATUM—*For Vol. XII., ante.* ]

A perplexing typographical error, or omission, occurs in the head-note to the case of *Calligan* agt. *Mix, Vol. XII., ante page* 495, which exactly reverses the decision of the court—by the omission of the word "not" after the word "will" in the last line but one.   The error was discovered too late to correct it in that volume.   The head-note should read as follows :—

Where the return of a justice of the peace does *not show* evidence sufficient to sustain the judgment; and where the justice *does not certify that his return contains all the evidence, &c.,* given and had before him; the appellate court will not, in support of the judgment, *presume* that there was *other* and *sufficient* evidence given to warrant the judgment